UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Donald L. Cobb,** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| v. : | Civil Action No. 21-2419 (CKK) |
| : | |
| : | |
| **United States of America,**[1] : | |
| : | |
| **Defendant.** : | |

### MEMORANDUM OPINION

Plaintiff, appearing *pro se*, filed a complaint in the Superior Court of the District of Columbia against Dineen Baker, an employee of the U.S. Attorney's Office for the District of Columbia. Upon certifying that the alleged misconduct fell within the scope of Baker's employment, the United States removed the complaint to this Court pursuant to 28 U.S.C. § 1442(a)(1).[2] Not. of Removal, ECF No. 1. Pending is Defendant's Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)(5) for insufficient service of process. For the following reasons, the Court will grant the motion and dismiss the case for want of jurisdiction.

---

[1]   By substitution.

[2]   Section 1442(a)(1) authorizes the United States, its agencies, and federal employees to remove to federal district court a civil action commenced against them "in a State court," *id*., which includes D.C. Superior Court, 28 U.S.C. § 1442(d)(6). Under the commonly known Westfall Act, 28 U.S.C. § 2679(d), once the Attorney General or his designee certifies that the defendant employee was acting within scope of her office or employment at the relevant time, "the employee is dismissed from the action, the United States is substituted as the defendant, the claim is removed to federal district court and the claim becomes governed by the [Federal Tort Claims Act]." *Jacobs v. Vrobel*, 724 F.3d 217, 219-20 (D.C. Cir. 2013).

## I. BACKGROUND

Plaintiff alleges that between November 3, 2020, and May 29, 2021, Baker destroyed his "notebook in which he had documented," among other things, "his reasons why he believed the D.C. Metropolitan Police Department . . . had involved itself in a coverup[.]" Compl., ECF No. 1-1 at 2. Allegedly, Baker "destroyed several pages of the Plaintiff's documents . . . during said time frame." *Id*. Plaintiff demands $8.45 in damages for "destruction of his property." *Id*. He does not dispute that the claim is "founded on tort based on the alleged destruction of [his] notebook, which he provided to the U.S. Attorney's Office for the purpose of investigation." Not. of Removal ¶ 3.

On September 27, 2021, Plaintiff moved to remand this case to D.C. Superior Court, asserting that Baker had "acted outside her proper role when she willfully destroyed" his property. Mot., ECF No. 3. Because Plaintiff had alleged no facts to rebut the presumption accorded the scope-of-employment certification, the Court denied the remand motion and simultaneously informed Plaintiff of the consequences of failing to respond to the pending motion to dismiss by the scheduled deadline. *See* Sept. 30, 2021 Order, ECF No. 6 (containing the so-called *Fox* advisements). Plaintiff then filed a timely opposition, ECF No. 7, Defendant filed a reply, ECF No. 9, and Plaintiff submitted a sur-reply, ECF No. 10, for which leave to file is granted.

## II. LEGAL STANDARD

Federal courts are courts of limited jurisdiction and the law presumes that "a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co*., 511 U.S. 375, 377 (1994); *see also Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992); *Grand Lodge of Fraternal Order of Police v. Ashcroft*, 185 F. Supp. 2d 9, 13 (D.D.C. 2001) (stating that a court has an

"affirmative obligation to ensure that it is acting within the scope of its jurisdictional authority"). As such, a court must dismiss a case pursuant to Federal Rule of Civil Procedure 12(b)(1) when it lacks subject matter jurisdiction. In determining whether there is jurisdiction, the Court may "consider the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Coal. for Underground Expansion v. Mineta*, 333 F.3d 193, 198 (D.C. Cir. 2003) (citations omitted); *see also Jerome Stevens Pharm., Inc. v. Food & Drug Admin.*, 402 F.3d 1249, 1253 (D.C. Cir. 2005) ("[T]he district court may consider materials outside the pleadings in deciding whether to grant a motion to dismiss for lack of jurisdiction."). "At the motion to dismiss stage, counseled complaints as well as *pro se* complaints, are to be construed with sufficient liberality to afford all possible inferences favorable to the pleader on allegations of fact." *Settles v. U.S. Parole Comm'n*, 429 F.3d 1098, 1106 (D.C. Cir. 2005).

"Although a court must accept as true all factual allegations contained in the complaint when reviewing a motion to dismiss pursuant to Rule 12(b)(1), [a] plaintiff['s] factual allegations in the complaint . . . will bear closer scrutiny in resolving a 12(b)(1) motion than in resolving a 12(b)(6) motion for failure to state a claim." *Wright v. Foreign Serv. Grievance Bd.*, 503 F. Supp. 2d 163, 170 (D.D.C. 2007) (internal citations and quotation marks omitted). Moreover, a court need not accept as true "a legal conclusion couched as a factual allegation" or an inference "unsupported by the facts set out in the complaint." *Trudeau v. Fed. Trade Comm'n*, 456 F.3d 178, 193 (D.C. Cir. 2006) (internal citation and quotation marks omitted). And ultimately, it remains the plaintiff's burden to prove subject matter jurisdiction by a preponderance of the evidence. *Am. Farm Bureau v. U.S. Env't Prot. Agency*, 121 F. Supp. 2d 84, 90 (D.D.C. 2000).

### III.  DISCUSSION

Defendant argues that dismissal is necessitated by the derivative jurisdiction doctrine. *See* Mem., ECF No. 5-1 at 12-13.  The Court agrees.

The doctrine of derivative jurisdiction traces its heritage to the near century's old pronouncement of the Supreme Court that "[t]he jurisdiction of the federal court on removal is, in a limited sense, a derivative jurisdiction." *Lambert Run Coal Co. v. Baltimore & O.R. Co.*, 258 U.S. 377, 382 (1922).  Traditionally stated, the doctrine provides that "if the state court lacks jurisdiction over the subject matter or the parties, the federal court acquires none upon removal, even though the federal court would have had jurisdiction if the suit had originated there." *Arizona v. Manypenny*, 451 U.S. 232, 242 n.17 (1981) (citations omitted); *see also Merkulov v. United States Park Police*, 75 F. Supp. 3d 126, 129 (D.D.C. 2014).  Therefore, the operative question under the derivative jurisdiction doctrine is whether the state court from which the pending complaint was removed originally possessed jurisdiction over that civil action.  *See Day v. Azar*, 308 F. Supp. 3d 140, 142 (D.D.C. 2018) ("[M]y jurisdiction over Ms. Day's claims depends on whether the Superior Court of the District of Columbia has jurisdiction to hear Title VII claims against federal employers.").  If not, then the federal court cannot "derive" any jurisdiction from that state court upon removal, and dismissal is required. *See Merkulov*, 75 F. Supp. 3d at 129 ("[U]nder the doctrine of derivative jurisdiction, a Federal court must dismiss a case if the State court lacked jurisdiction over the original claim.").

"Admittedly, the justification for this derivative jurisdiction doctrine is 'hardly obvious,' and the doctrine has faced considerable scrutiny from courts and commentators alike[.]" *Robinson v. United States Dep't of Health & Hum. Res.*, No. 21-1644, 2021 WL 4798100, at *3 (D.D.C. Oct. 14, 2021) (Kollar-Kotelly, J.) (quoting *Ricci v. Salzman*, 976 F.3d 768, 773 (7th

4

Cir. 2020) (other citations omitted)). As this Court noted, the doctrine has faced criticism particularly for "creating 'the anomalous result that a case within the exclusive jurisdiction of the federal courts [cannot] be removed to a federal court' because the State court from which the case was removed lacks jurisdiction." *Id*. (quoting *Merkulov*, 75 F. Supp. 3d at 130 (other citation omitted)). Further, this Court has raised its own concerns about "the circuitous barrier the doctrine presents" especially to *pro se* litigants "who may not be well-versed in the technicalities of civil procedure or federal jurisdiction." *Robinson,* 2021 WL 4798100, at *3 (citing *James v. United States Postal Serv.*, 484 F. Supp. 3d 1, 4 (D.D.C. 2020) (Kollar-Kotelly, J.)).

Nevertheless, while Congress has eliminated the doctrine altogether for cases removed under the general federal removal statute, *see* 28 U.S.C. § 1441(f); *Palmer v. City Nat. Bank, of W. Virginia*, 498 F.3d 236, 245 (4th Cir. 2007) (describing 1985 and 2002 amendments to § 1441), it has made no such parallel amendment to § 1442. *See Merkulov*, 75 F. Supp. 3d at 130 (explaining that Congress did not abrogate the derivative jurisdiction doctrine through an amendment to § 1442). Accordingly, district courts in this jurisdiction have unanimously found that the derivative jurisdiction doctrine still applies to cases against federal agencies and officers removed under § 1442(a).[3] And while the D.C. Circuit has not yet weighed in, every other federal court of appeals to address the issue has similarly concluded that the derivative

---

[3] *See Falice v. O'Brien*, No. CV 18-2946 (CKK), 2020 WL 6146623, at *3 (D.D.C. Oct. 20, 2020); *Woods v. Hawk-Sawyer*, No. CV 20-1152 (TFH), 2020 WL 6146876, at *2 (D.D.C. Oct. 20, 2020); *James*, 484 F. Supp. 3d at 4; *Farmer v. Disability Program Manager*, No. 19-CV-01731 (TNM), 2020 WL 2571521, at *2 (D.D.C. May 21, 2020); *Williams v. Perdue*, 386 F. Supp. 3d 50, 54 (D.D.C. 2019); *Day v. Azar*, 308 F. Supp. 3d 140, 142 (D.D.C. 2018); *Johnson v. D.C. Metro Transit Auth*., 239 F. Supp. 3d 293, 296 (D.D.C. 2017); *Merkulov*, 75 F. Supp. 3d at 130; *Cofield v. United States*, 64 F. Supp. 3d 206, 215 (D.D.C. 2014); *McKoy-Shields v. First Washington Realty, Inc.*, No. 11-CV-01419 RLW, 2012 WL 1076195, at *2 (D.D.C. Mar. 30, 2012).

jurisdiction doctrine applies to cases removed under § 1442(a).[4]  The doctrine's persistence is ultimately grounded in longstanding Supreme Court precedent, which generally retains its continued vitality absent any Congressional intervention to the contrary.  *See, e.g., State of Minnesota v. United States*, 305 U.S. 382, 389 (1939).

Because, as stated above, Plaintiff's complaint was removed from D.C. Superior Court under 28 U.S.C. § 1442(a), the derivative jurisdiction doctrine applies.  Therefore, the Court must determine whether D.C. Superior Court possessed subject matter jurisdiction over Plaintiff's complaint at the time of removal.  As explained next, it did not.

The "United States, as sovereign, is immune from suit save as it consents to be sued, and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit."  *United States v. Sherwood*, 312 U.S. 584, 586 (1941) (citations omitted).  This doctrine applies to federal agencies and employees sued in their official capacities.  "To bring a claim against the United States, a plaintiff must identify an unequivocal waiver of sovereign immunity[,] and [c]ourts are required to read waivers of sovereign immunity narrowly and construe any ambiguities . . . in favor of immunity."  *Franklin-Mason v. Mabus*, 742 F.3d 1051, 1054 (D.C. Cir. 2014) (citation omitted)).  A waiver of sovereign immunity "must be unequivocally expressed in statutory text[,]" *Lane v. Pena*, 518 U.S. 187, 192 (1996), and "'it rests with Congress to determine not only whether the United States may be sued, but in what courts the suit may be brought[,]'" *Franklin-Mason*, 742 F.3d at 1054 (quoting *Minnesota*, 305

---

[4]  *See Conklin v. Kane*, 634 Fed. App'x 69, 73 (3d Cir. 2015); *Bullock v. Napolitano*, 666 F.3d 281, 286 (4th Cir. 2012); *Lopez v. Sentrillon Corp.*, 749 F.3d 347, 351 (5th Cir. 2014); *Ricci v. Salzman*, 976 F.3d 768, 774 (7th Cir. 2020); *Rodriguez v. United States*, 788 Fed. App'x 535, 536 (9th Cir. 2019); *Utah v. Gollaher*, 804 Fed. App'x 947, 950 (10th Cir. 2020).

U.S. at 388). "[S]tate courts do not have presumptive jurisdiction to decide suits against the United States." *Bullock v. Napolitano*, 666 F.3d 281, 285 (4th Cir. 2012).

The Federal Tort Claims Act ("FTCA") provides a limited waiver of sovereign immunity for certain personal injury claims, including for "loss of property." 28 U.S.C. § 1346(b)(1); *see Richards v. United States*, 369 U.S. 1, 6 (1962) (noting that the FTCA "was designed primarily to remove the sovereign immunity of the United States from suits in tort and, with certain specific exceptions, to render the Government liable in tort as a private individual would be under like circumstances"). It grants "exclusive jurisdiction" over such claims to the federal district courts. 28 U.S.C. § 1346(b)(1); *see id.* § 2679(a) ("the remedies provided [under the FTCA] shall be exclusive"); *Brownback v. King*, 141 S. Ct. 740, 746 (2021) ("Plaintiffs were (and are) required to bring claims under the FTCA in federal district court."). Therefore, jurisdiction is lacking over this removed action because D.C. Superior Court "never acquired jurisdiction over either the subject matter or [defendant] as a United States agency." *Johnson v. D.C. Metro Transit Auth.*, 239 F. Supp. 3d 293, 296 (D.D.C. 2017).

## IV.  CONCLUSION

For the foregoing reasons, the Court grants Defendant's motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction and dismisses this case without prejudice. A separate Order accompanies this Memorandum Opinion.

                                                                     _____s/s_____
                                                                     COLLEEN KOLLAR-KOTELLY
                                                                     United States District Judge

Dated:  May 26, 2022