UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DONALD L. COBB,<br><br>        Plaintiff<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>        Defendant. | Civil Action No. 21-2419 (CKK) |

**AMENDED MEMORANDUM OPINION**
(June 7, 2022)

Plaintiff, proceeding *pro se*, filed a complaint in the Superior Court of the District of Columbia against Dineen Baker ("Baker"), an employee of the United States Attorney's Office for the District of Columbia. Upon certifying that the alleged misconduct fell within the scope of Baker's employment, Defendant removed the complaint to this Court pursuant to 28 U.S.C. § 2679(d)(2). Pending before the Court is Defendant's [5] Motion to Dismiss for lack of jurisdiction and for insufficient service of process. Upon consideration of the pleadings,[1] the relevant legal authorities, and the entire record, the Court shall **GRANT** Defendant's [5] Motion. This Amended Memorandum Opinion vacates and replaces the [12] Memorandum Opinion entered May 26, 2022.

---

[1] This Memorandum Opinion focuses on the following documents:
- Plaintiff's Statement of Claim, ECF No. 1-1 at 2 ("Compl.");
- Defendant's Motion to Dismiss, ECF No. 5 ("Opp.");
- Plaintiff's Motion to Invalidate Channing D. Phillips [sic] Motion to Dismiss, ECF No. 7 ("Opp."); and
- Defendant's Reply in Support of Defendant's Motion to Dismiss, ECF No. 9 ("Repl.").
Motion for Reconsideration, ECF No. 29 ("Mot.").

In an exercise of its discretion, the Court finds that holding oral argument in this action would not be of assistance in rendering a decision. *See* LCvR 7(f).

1

## I.  BACKGROUND

In his one-page "Statement of Claim," Plaintiff summarily alleges that between November 3, 2020 and May 29, 2021, Baker destroyed his "notebook in which he had documented . . . his reasons for why he believed the D.C. Metropolitan Police Department . . . had involved itself in a coverup."  Compl.  Plaintiff demands $8.45 in damages for "destruction of his property."  *Id.*  He does not dispute that the claim is "founded on tort based on the alleged destruction of [his] notebook, which he provided to the U.S. Attorney's Office for the purpose of investigation."  Not. of Removal ¶ 3.

On September 27, 2021, Plaintiff moved to remand the case to Superior Court, asserting that Baker had "acted outside her proper role when she willfully destroyed" his property.  ECF No. 3 at 1.  The Court denied that motion on the grounds that Plaintiff had alleged no facts to rebut the presumption accorded to Defendant's Westfall Declaration.  ECF No. 6.  Plaintiff then timely filed his opposition to the instant motion.  Plaintiff also filed a surreply to Defendant's reply in support of its motion to dismiss, for which the Court granted leave to file *nunc pro tunc* in its [12] Memorandum Opinion.

## II.  LEGAL STANDARD

### A.  Rule 12(b)(1)

To survive a motion to dismiss pursuant to Rule 12(b)(1), plaintiff bears the burden of establishing that the court has subject matter jurisdiction over its claim.  *See Moms Against Mercury v. FDA*, 483 F.3d 824, 828 (D.C. Cir. 2007).  In determining whether there is jurisdiction, the Court may "consider the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."  *Coal. for Underground Expansion v. Mineta*, 333 F.3d 193, 198 (D.C. Cir.

2003) (citations omitted). "Although a court must accept as true all factual allegations contained in the complaint when reviewing a motion to dismiss pursuant to Rule 12(b)(1)," the factual allegations in the complaint "will bear closer scrutiny in resolving a 12(b)(1) motion than in resolving a 12(b)(6) motion for failure to state a claim." *Wright v. Foreign Serv. Grievance Bd.*, 503 F. Supp. 2d 163, 170 (D.D.C. 2007) (citations omitted).

### B. Rule 12(b)(5)

"In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as a defendant." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999). Pursuant to Federal Rule of Civil Procedure 12(b)(5), "if the plaintiff does not effect service on a defendant, then the defendant may move to dismiss the complaint" without prejudice. *Hilska v. Jones*, 217 F.R.D. 16, 20 (D.D.C. 2003). The plaintiff "bears the burden of proving that she has effected proper service." *Jouanny v. Embassy of France*, 220 F. Supp. 3d 34, 37-38 (D.D.C. 2016). Insufficient service is a "fatal jurisdictional defect" and grounds for dismissal. *Id.* at 38.

### III. DISCUSSION

### A. Derivative Jurisdiction

Defendant first argues that the Court must dismiss the case for lack of derivative jurisdiction. The Court recently addressed, in summary terms, such an argument in *Charles v. United States*, No. 21-0864 (CKK), 2022 WL 558181 (D.D.C. Feb. 24, 2022) and concluded that derivative jurisdiction is a "non-issue" where 28 U.S.C. § 2679(d)(2) independently confers removal jurisdiction upon a complaint removed to federal court through a Westfall declaration. *Id.* at *3. In support of its position, Defendant cites a variety of cases from this jurisdiction.[2] All

---

[2] *Day v. Azar*, 308 F. Supp. 3d 140 (D.D.C. 2018); *Johnson v. D.C. Metro Transit Auth.*, 239 F. Supp. 3d 293 (D.D.C. 2017); *Merkulov v. U.S. Park Police*, 75 F. Supp. 3d 126 (D.D.C. 2014);

3

of these cases were removed solely pursuant to 28 U.S.C. § 1442; none involved a Westfall declaration. *But see Cofield*, 64 F. Supp. 3d at 214 (in action removed solely pursuant to section 1442, surmising that removal jurisdiction would be lacking over a removed tort claim pursuant to 28 U.S.C. § 2679(a)). Other than *Cofield*'s short dictum, it appears on the Court's review that no court of this jurisdiction has ever endorsed Defendant's view. Therefore, and upon further consideration of the legal authorities, the Court reaffirms its holding in *Charles*.

Congress has created a number of statutes governing removal of certain cases from state court to federal court. Pursuant to 28 U.S.C. § 1444, for example, United States may remove foreclosure actions against it from state court to federal court. Pursuant to 28 U.S.C. § 1442, which Defendant cites for jurisdiction in its Notice of Removal, United States agencies and officers may remove claims against them in state court to federal court. *Merkulov v. U.S. Park Police*, 75 F. Supp. 3d 126, 129 (D.D.C. 2014) (BAH). The Supreme Court has, over the years, either held or noted that "if the state court lacks jurisdiction over the subject matter of the parties, the federal court acquires none upon removal [under section 1442], even though the federal court would have had jurisdiction if the suit had originated there." *See Arizona v. Manypenny*, 451 U.S. 232, 242 n.17 (1981) (collecting cases). The federal courts have long applied this requirement as the doctrine of "derivative jurisdiction," notwithstanding plenty of criticism by "courts and commentators." *Reynolds v. Behrman Cap. IV L.P.*, 988 F.3d 1314, 1321 (11th Cir. 2021).

As this Court has previously explained in section 1442 cases, "the justification for this derivative jurisdiction doctrine is 'hardly obvious,' and the doctrine has faced considerable scrutiny." *E.g.*, *Robinson v. United States Dep't of Health & Hum. Res.*, No. 21-1644, 2021 WL

---

*Cofield v. United States*, 64 F. Supp. 3d 206 (D.D.C. 2014); *McKay-Shields v. First Wash. Realty, Inc.*, 2012 WL 10765195 (D.D.C. Mar. 30, 2012).

4798100, at *3 (D.D.C. Oct. 14, 2021) (CKK) (quoting *Ricci v. Salzman*, 976 F.3d 768, 773 (7th Cir. 2020) (cleaned up)).  The doctrine often creates "something of a paradox," in which a federal defendant immediately moves to dismiss a case that it had *just* removed for lack of removal jurisdiction.  *James v. U.S. Postal Service*, 484 F. Supp. 3d 1, 4-5 (D.D.C. 2020) (CKK).  This "circuitous barrier" raises especially grave concerns for *pro se* litigants "who may not be well-versed in the technicalities of civil procedure or federal jurisdiction."  *Robinson*, 2021 WL 4798100, at *3; *see also* 14C Wright & Miller, *Federal Prac. & Proc.* § 3722 (4th ed. 2020) (collecting cases and characterizing criticism like this court's as "deserved").  Nevertheless, pursuant to binding precedent, the Court has faithfully applied the derivative jurisdiction doctrine in section 1442 cases.  *E.g.*, *Robinson*, 2021 WL 4798100, at *4; *James*, 484 F. Supp. 3d at 5.

This case, however, is different.  In this case, Defendant did not just remove the action pursuant to 28 U.S.C. § 1442.  Defendant also removed it pursuant to 28 U.S.C. § 2679(d)(2).  The Westfall Act, 28 U.S.C. § 2679, empowers the federal government to remove a case from state court against a federal employee in their individual capacity upon the filing of a certification by the Attorney General or his designee that the employee was acting in the course of his employment at the time of the alleged tort.  *Id.* § 2679(e)-(d).  The Act further provides that

> [u]pon [such] certification . . . any civil action or proceeding commenced upon such claim in a State court *shall be removed* without bond at any time before trial by the Attorney General to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending.

*Id.* § 2679(d)(2).  The Supreme Court has instructed that this statutory provision is jurisdictional; a notice of removal accompanied by a Westfall certification automatically confers removal jurisdiction on the federal court to which the case is removed.  *See Osborn v. Haley*, 549 U.S. 225, 231 (2007) ("On the jurisdictional issues, we hold that the Attorney General's certification

5

is conclusive for the purposes of removal."); *see also id.* at 253-54 (Souter, J., concurring in part and dissenting in part) ("In sanctioning appellate review notwithstanding section 1447(d), the Court relies on its determination that Congress, through section 2679(d)(2), has prohibited remand in cases like this one, in order to give effect to the conclusive character of the Attorney General's certification *on the issue of removal jurisdiction*." (emphasis added)).

In fact, removal jurisdiction arising from a Westfall certification is so durable that it may never be lost. As Defendant concedes, the Court held in *Osborn* that, as a matter of statutory construction, a district court must retain removal jurisdiction even upon a finding that the individual defendant was not acting in the course of their employment for the United States and "may not remand the suit to the state court." *Id.* at 231; *Steele v. Meyer*, 964 F. Supp. 2d 9, 14 (D.D.C. 2013) (Howell, C.J.) (denying motion to remand after finding individual defendants were not acting within course of employment at time of alleged tort). The Court cannot reconcile Defendant's position that section 2679(d)(2) *also* requires derivative jurisdiction to exercise removal jurisdiction with this binding precedent.

Nor can Defendant's position be squared with the statutory text itself. Section 2679 is applicable only where a plaintiff has sued a government employee for tortious conduct. All such claims are covered by the Federal Tort Claims Act which, pursuant to 28 U.S.C. § 1346, only federal courts have jurisdiction to hear. *Charles*, 2022 WL 558181, at *3. As such, if the federal district courts were required to have derivative jurisdiction over claims removed pursuant to section 2679(d)(2), they would *never* have removal jurisdiction over such claims. *Id.*; *accord Da Silva v. Temple Univ. Hosp., Inc.*, 506 F. Supp. 3d 318, 328 (E.D. Pa. 2020); *Stein v. United States*, 2021 WL 4895338, at *4 (S.D. Ill. Oct. 20, 2021). Such a reading would not just "'render [section 2679] nonsensical,'" *Da Silva*, 506 F. Supp. 3d at 324 (quoting *Nye v. Hilo Med. Ctr.*,

6

2020 WL 931926, at *4 (D. Haw. Mar. 11, 2020)), it would make the whole of section 2679 entirely nugatory. Reading a statute to nullify its practical import would violate the "'cardinal principle of statutory construction' that 'a statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant.'" *See TRW Inc. v. Andrews*, 54 U.S. 19, 31 (2001) (quoting *Duncan v. Walker*, 533 U.S. 167, 174 (2001)). Moreover, a necessarily self-defeating removal provision would be an "'absurd and unjust result which Congress could not have intended.'" *See Clinton v. City of New York*, 524 U.S. 417, 429 (1998) (quoting *Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564, 574 (1982)) (discussing absurdity doctrine in statutory construction).

There are additional consequences to Defendant's reading as well. Because, under Defendant's view, "no tort suit begun in state court could survive removal" upon a Westfall certification, "a plaintiff who is unsure of whether a defendant is a federal employee [or whether they were an employee acting within the scope of their employment] . . . must file two lawsuits—one in state court in case they were not, and one in federal court in case they were." *Stein*, 2021 WL 4895338, at *5. As this Court has noted in the context of cases involving removal only pursuant to section 1442, this problem is only compounded for *pro se* litigants. *Robinson*, 2021 WL 4798100, at *3. Accordingly, the Court holds that it requires no derivative jurisdiction to exercise removal jurisdiction where a claim is removed pursuant to section 2679(d)(2).[3]

### B. Service of Process

---

[3] In much older cases, two federal Courts of Appeals have applied slightly different reasoning to also hold that derivative jurisdiction is inapplicable to cases removed pursuant to a Westfall certifications. These courts hold that state courts *do* have jurisdiction over such cases unless and until the United States files its Westfall declaration. *McGowan v. Williams*, 623 F.2d 1239, 1242 (7th Cir. 1980); *Thompson v. Wheeler*, 898 F.2d 406, 409 n.2 (3d Cir. 1990). These cases have likely since been abrogated by the Supreme Court's much broader holding in *Osborn* and, in any event, are not binding upon this Court.

The Court lacks jurisdiction over a defendant unless the plaintiff effects proper service. *Mann v. Castiel*, 681 F.3d 368, 372 (D.C. Cir. 2012). To show valid service of process, the plaintiff "'must demonstrate that the procedure [he] employed satisfied the requirements of the relevant portions of Rule 4 [of the Federal Rules of Civil Procedure] and any other applicable provision of law.'" *Roland v. Branch Banking & Trust Corp.*, 149 F. Supp. 3d 61, 64 (D.D.C. 2015). If no or improper service is effected prior to removal, a plaintiff must effect proper service within 90 days of removal. *See* 28 U.S.C. § 1448; Fed. R. Civ. P. 4(m). Here, pursuant to D.C. Super. Ct. R. Civ. P. 4(i) and Fed. R. Civ. P. 4(i), Plaintiff was required to serve the United States Attorney and the Attorney General via registered or certified mail, and he served neither. Therefore, the Court must dismiss Plaintiff's complaint for insufficient service. Having done so, the Court would be inclined to end its discussion here. However, given Plaintiff's *pro se* status, the Court shall exercise its discretion to discuss the remaining issues with Plaintiff's case.

### C.  FTCA Jurisdiction

Because Plaintiff has not carried his burden to show that Baker was not acting in the course of her employment when she allegedly destroyed Plaintiff's notebook, the Court lacks subject matter jurisdiction over Plaintiff's claim for want of administrative exhaustion.

1. Scope of Employment

As previously discussed above, the Westfall Act, 28 U.S.C. § 2679, governs when a federal official is immunized from state tort liability for that official's purportedly tortious act. In relevant part, the Act provides:

> Upon certification by the Attorney General that the defendant was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such a claim in a United States district court shall be deemed an action against the United States under the provisions of this title and

all references thereto, and the United States shall be substituted as the party defendant. 28 U.S.C. § 2679(d)(1). Although the Attorney General's declaration that an official was acting in the course of their employment is not "conclusive," it does "constitute *prima facie* evidence that the employee was [in fact] acting within the scope of [their] employment." *Council of Am. Islamic Relations v. Ballenger*, 444 F.3d 659, 662 (D.C. Cir. 2006). As such, the Act establishes an evidentiary question that a defendant must contest by "coming forward with specific facts rebutting the certification." *See Stokes v. Cross*, 327 F.3d 1210, 1214 (D.C. Cir. 2003). Although sometimes an evidentiary hearing is necessary to determine whether the official was acting within the scope of their employment, usually it is more appropriate for the Court to decide the question on the papers. *See Wuterich v. Murtha*, 562 F.3d 375, 381 (D.C. Cir. 2009).[4]

In either case, the question is governed by the law of *respondeat superior* in the state in which the alleged tort occurred—here, the District of Columbia. *Wilson v. Libby*, 535 F.3d 697, 711 (D.C. Cir. 2008). The District of Columbia follows the Second Restatement of Agency in delineating scope of employment:

> (1) Conduct of a servant is within the scope of employment if, but only if:
>
> > (a) it is of the kind he is employed to perform;
> >
> > (b) it occurs substantially within the authorized time and space limits;
> >
> > (c) it is actuated, at least in part, by a purpose to serve the master; and
> >
> > (d) if force is intentionally used by the servant against the other, the use of force is not unexpectable by the master.
>
> (2) Conduct of a servant is not within the scope of employment if it is different in kind from that authorized, far beyond the authorized time or space limits, or too little actuated by a purpose to serve the master.

---

[4] *Accord Singleton v. United States*, 277 F.3d 864, 871 (6th Cir. 2002); *Davric Maine Corp. v. USPS*, 238 F.3d 58, 67 (1st Cir. 2001).

*Schechter v. Merchants Home Delivery, Inc.*, 892 A.2d 415, 427-28 (D.C. 2006). "Although scope of employment is generally a question for the jury, it 'becomes a question of law for the court, however, if there is not sufficient evidence from which a reasonable juror could conclude that the action was within the scope of employment.'" *District of Columbia v. Bamidele*, 103 A.3d 516, 525 (D.C. 2014) (Fisher, J.) (quoting *Weinberg v. Johnson*, 518 A.2d 985, 991 (D.C. 1986)). "'However, if the employee acts in part to serve his employer's interest, the employer will be held liable for the intentional torts of his employee even if prompted partially by personal motives, such as revenge.'" *Id.* (quoting *Hechinger Co. v. Johnson*, 761 A.2d 15, 24 (D.C. 2000).

Plaintiff offers just one conclusory statement in his attempt to contravene Defendant's Westfall certification: "Dineen Baker acted outside her proper role when she willfully destroyed [Plaintiff's] [] property." Pl.'s Mot. to Remand, ECF No. 3. This "bare assertion" that Baker was not acting in the scope of her employment "is not sufficient to defeat the Attorney General's certification" as a matter of law. *Steele*, 964 F. Supp. 2d at 15. Moreover, even were Baker's behavior intentional, or even criminal, "whether an employee's activity was criminal is probative, but not determinative, of whether their conduct was within the scope of their employment." *Charles*, 2022 WL 1045293, at *5; *see also Harbury v. Hayden*, 522 F.3d 413, 422 (D.C. Cir. 2008) ("seriously criminal conduct can still fall within the scope of a defendant's employment under D.C. law"); *Johnson v. Weinberg*, 434 A.2d 404, 409 (D.C. 1981) (laundromat employee acted within scope of employment in shooting customer during dispute over removing clothes from washing machine). As such, Plaintiff has not alleged sufficient facts to rebut Defendant's Westfall certification, and the Court concludes that the United States is the proper defendant in action.

2. Exhaustion

Having concluded that the United States is the proper defendant, the Court further finds that it lacks jurisdiction over Plaintiff's claim because he has failed to exhaust his administrative remedies. Pursuant to 28 U.S.C. § 2675(a), a plaintiff must "first present[] the[ir] claim to the appropriate Federal agency and [their] claim [must] have been finally denied by the agency" before filing suit. This requirement is jurisdictional. *Simkins v. District of Columbia*, 108 F.3d 366, 371 (D.C. Cir. 1997). As it is undisputed that Plaintiff has not filed a claim with the United States Department of Justice, this exhaustion doctrine bars the Court from exercising subject matter jurisdiction.

## IV.   CONCLUSION

For the foregoing reasons, the Court has concluded that Plaintiff's Defendant's [5] Motion to Dismiss is **GRANTED**. An appropriate order accompanies this memorandum opinion.

Dated: June 7, 2022

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge